UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20200-CR-ALTMAN

UNITED STATES OF AMERICA

vs.

ALBERTO LUIS GONZALEZ-TEJADA,
    a/k/a "Maluma,"

    Defendant.
_____/

## STIPULATED FACTUAL BASIS FOR PLEA

Pursuant to Rule 11(b)(3), the following sets forth the factual basis for defendant **ALBERTO LUIS GONZALEZ-TEJADA's** guilty plea to Count One of the Indictment, which charges the defendant with conspiracy to distribute cocaine, knowing, intending, and having reasonable cause to believe that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963. The United States of America and the defendant agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1. From at least as early as 2018 through June 1, 2019, the defendant was part of a drug trafficking organization ("DTO") that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using recreational vessels.

2. The DTO transported four shipments of cocaine aboard the vessels "Day Dreamer" and "Triple A" from the Dominican Republic to the United States. Shipment one contained 203 kilograms of cocaine that arrived in South Florida in May 2018. Shipment two contained 330 kilograms of cocaine that arrived in South Florida in September 2018. Shipment three contained

467 kilograms of cocaine that arrived in South Florida in December 2018. Shipment four contained 281 kilograms of cocaine that arrived in South Florida in June 2019.

3. The first three shipments arrived from the Dominican Republic and docked at the MarineMax marina in Dania Beach, Florida. Records from the MarineMax marina confirm that "Day Dreamer" arrived at the marina on or about May 14, 2018, September 11, 2018, and December 17, 2018. The DTO successfully imported these three cocaine shipments, sold the cocaine, and distributed the drug proceeds amongst the DTO members. The fourth shipment arrived from the Dominican Republic on June 1, 2019, aboard the "Triple A," which docked behind a waterfront residence in North Miami, Florida, that DTO members rented in furtherance of the drug importation operation. On the same day, law enforcement conducting surveillance at the residence seized the "Triple A" and the cocaine, and arrested several DTO members.

4. As a member of the DTO, the defendant had a variety of roles including: overseeing the security of bulk cocaine prior to dispatch from the Dominican Republic, delivering cocaine to co-conspirators for dispatch to Miami, Florida, and acquiring a property in Miami, Florida to receive the "Triple A" shipment. In addition to this, the defendant invested his own kilograms of cocaine in the shipments.

5. For the first "Day Dreamer" shipment, the defendant assisted with storing the cocaine prior to dispatch, transporting the cocaine to the dispatch location in the Dominican Republic and assisted with loading the cocaine onto the vessel at the dispatch location. In this shipment, the defendant invested five (5) kilograms of cocaine. For the second "Day Dreamer" shipment, the defendant's responsibilities were the same. In this trafficking event, the defendant sourced two (2) kilograms of cocaine. For the third "Day Dreamer" shipment, the defendant traveled to Miami, FL to assist with receiving the cocaine and securing the kilograms pending their

distribution. Once the kilograms had been distributed, the defendant transported approximately $3 million in drug proceeds back to the Dominican Republic via sport fishing vessel. For the "Triple A" trafficking event, the defendant assisted with renting the waterfront residence in North Miami, FL where the "Triple A" shipment would ultimately arrive.

6. The defendant directly assisted the DTO in the three shipments aboard the "Day Dreamer" and the one shipment aboard the "Triple A," and, therefore, he is accountable for approximately 1,281 kilograms of cocaine. Based on the defendant's cocaine investments in these trafficking events, he is responsible for approximately $182,000 in drug proceeds resulting from the "Day Dreamer" cocaine shipments that the DTO successfully imported and distributed in the United States.

7. The parties agree that the foregoing facts are sufficient to prove the defendant's guilt of the offense charged in Count 1 of the Indictment beyond all reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10/4/2024         By: _____
                             KEVIN D. GERARDE
                             ASSISTANT U.S. ATTORNEY

Date: 10/4/2024         By: _____
                             GENESIS PEDUTO, ESQ.
                             ATTORNEY FOR DEFENDANT

Date: 10/4/2024         By: _____
                             ALBERTO LUIS GONZALEZ-TEJADA
                             DEFENDANT