UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20200-CR-ALTMAN

UNITED STATES OF AMERICA

vs.

ELIAS VALDEZ,

Defendant.
_____/

## STIPULATED FACTUAL BASIS FOR PLEA

Pursuant to Rule 11(b)(3), the following sets forth the factual basis for defendant **ELIAS VALDEZ's** guilty plea to Count One of the Indictment, which charges the defendant with conspiracy to distribute cocaine, knowing, intending, and having reasonable cause to believe that it would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963. The United States of America and the defendant agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1. From at least as early as 2018 through June 1, 2019, the defendant was part of a drug trafficking organization ("DTO") that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using recreational vessels.

2. The DTO transported four shipments of cocaine aboard the vessels "Day Dreamer" and "Triple A" from the Dominican Republic to the United States. Shipment one contained 203 kilograms of cocaine that arrived in South Florida in May 2018. Shipment two contained 330 kilograms of cocaine that arrived in South Florida in September 2018. Shipment three contained

467 kilograms of cocaine that arrived in South Florida in December 2018. Shipment four contained 281 kilograms of cocaine that arrived in South Florida in June 2019.

3.  The first three shipments arrived from the Dominican Republic and docked at the MarineMax marina in Dania Beach, Florida. Records from the MarineMax marina confirm that "Day Dreamer" arrived at the marina on or about May 14, 2018, September 11, 2018, and December 17, 2018. The DTO successfully imported these three cocaine shipments, sold the cocaine, and distributed the drug proceeds amongst the DTO members. The fourth shipment arrived from the Dominican Republic on June 1, 2019, aboard the "Triple A," which docked behind a waterfront residence in North Miami, Florida, that DTO members rented in furtherance of the drug importation operation. On the same day, law enforcement conducting surveillance at the residence seized the "Triple A" and the cocaine, and arrested several DTO members.

4.  The defendant's responsibility within the DTO was to launder drug proceeds. Beginning in the Summer of 2018 and continuing into 2019, the defendant made cash and bankcard deposits of drug proceeds into the bank account for his used car dealership, Sherlyn Sales Corp. These deposits totaled more than $700,000.

5.  The defendant paid a portion of the laundered drug proceeds back to DTO members and used another portion to purchase real estate and repair a vessel on behalf of DTO members. For example, beginning in September 2018 and continuing through February 2019, the defendant paid approximately $162,350 of laundered drug proceeds to two DTO members or businesses they controlled. Additionally, between November 2018 and continuing through February 2019, the defendant paid approximately $527,522 of laundered drug proceeds to an escrow account in furtherance of a DTO members' purchase of a condominium in Miami, FL. Also, on March 14,

2019, the defendant wired approximately $17,614 of laundered drug proceeds to MarineMax to pay an invoice for repairs to the "Day Dreamer."

6. The DTO compensated the defendant for his laundering activities by investing him in kilograms of cocaine in the "Day Dreamer" and "Triple A" shipments. For the first "Day Dreamer" shipment, the defendant was invested in one (1) kilograms of cocaine; on the second and third "Day Dreamer" shipments, he was invested in three (3) kilograms of cocaine on each shipment; and on the "Triple A" shipment, he was invested in approximately four to five (4-5) kilograms of cocaine. The defendant was responsible for approximately $182,000 in drug proceeds resulting from the "Day Dreamer" cocaine shipments that the DTO successfully imported and distributed in the United States.

7. Based on the amount of drug proceeds the defendant laundered on behalf of the DTO and his own kilogram investments in the "Day Dreamer" and "Triple A" shipments, the defendant is accountable for approximately 38 kilograms of cocaine.

8. The parties agree that the foregoing facts are sufficient to prove the defendant's guilt of the offense charged in Count 1 of the Indictment beyond all reasonable doubt.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10-24-24      By: _____
                         KEVIN D. GERARDE
                         ASSISTANT U.S. ATTORNEY

Date: 10/24/24      By: _____
                         DAVID SELTZER, ESQ.
                         ATTORNEY FOR DEFENDANT

Date: 10/24/24      By: _____
                         ELIAS VALDEZ
                         DEFENDANT

3