## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 24-20200-CR-ALTMAN(s)

UNITED STATES OF AMERICA

vs.

ALEXANDER IGLESIAS-VENTURA

      Defendant.

_____/

### STIPULATED FACTUAL BASIS FOR PLEA

Pursuant to Rule 11(b)(3), the following sets forth the factual basis for defendant **ALEXANDER IGLESIAS-VENTURA's** guilty plea to the Superseding Information, which charges the defendant with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956. The United States of America and the defendant agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

1.      From at least as early as 2018 through June 1, 2019, the defendant was part of a drug trafficking organization ("DTO") that engaged in the shipment of cocaine from the Dominican Republic to the United States, including South Florida, using recreational vessels.

2.      The DTO transported four shipments of cocaine aboard the vessels "Day Dreamer" and "Triple A" from the Dominican Republic to the United States. Shipment one contained 203 kilograms of cocaine that arrived in South Florida in May 2018. Shipment two contained 330 kilograms of cocaine that arrived in South Florida in September 2018. Shipment three contained 467 kilograms of cocaine that arrived in South Florida in December 2018. Shipment four contained 281 kilograms of cocaine that arrived in South Florida in June 2019.

3.      The first three shipments arrived from the Dominican Republic and docked at the MarineMax marina in Dania Beach, Florida.  Records from the MarineMax marina confirm that "Day Dreamer" arrived at the marina on or about May 14, 2018, September 11, 2018, and December 17, 2018.  The DTO successfully imported these three cocaine shipments, sold the cocaine, and distributed the drug proceeds amongst the DTO members.   The fourth shipment arrived from the Dominican Republic on June 1, 2019, aboard the "Triple A," which docked behind a waterfront residence in North Miami, Florida, that DTO members rented in furtherance of the drug importation operation.  On the same day, law enforcement conducting surveillance at the residence seized the "Triple A" and the cocaine, and arrested several DTO members.

4.      The defendant laundered the DTO's drug proceeds in order to conceal or disguise their nature, location, source, ownership, and control.  The defendant laundered the DTO's drug proceeds in a variety of ways.  He directed domestic wire transfers of drug proceeds belonging to other DTO members, he laundered bulk cash drug proceeds from the United States to the Dominican Republic, and he transferred drug proceeds to DTO members to use in furtherance of the trafficking scheme.

5.      Specifically, from December 2018 through April 2019, the defendant directed wire transfers of approximately $270,000 of the DTO's drug proceeds to an escrow account so that co-conspirator Carlos Pena could purchase a condominium in Miami, FL.  Pena purchased this condominium in the Spring of 2019.  Separately, following the DTO's December 2018 importation of approximately 467 kilograms of cocaine aboard the "Day Dreamer," the defendant laundered approximately $400,000 of drug proceeds from the United States to the Dominican Republic at the request of co-conspirator Junior Solano.  Finally, as the DTO prepared to purchase the "Triple A" vessel for use in future cocaine trafficking ventures, the defendant transferred approximately

2

$134,000 of the DTO's drug proceeds to co-conspirator Junior Solano so that Solano could allocate the funds towards the purchase of the "Triple A."  Ultimately, the DTO purchased the "Triple A" and used it to import cocaine, which law enforcement seized on or about June 1, 2019.

6.     The defendant was responsible for laundering at least $804,000 of the DTO's drug proceeds in connection with the "Day Dreamer" trafficking events and the purchase of the "Triple A."

7.     The parties agree that the foregoing facts are sufficient to prove the defendant's guilt of the offense charged in the Superseding Information beyond all reasonable doubt.

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

Date: 3-3-2025                   By: _____
                                    KEVIN D. GERARDE
                                    ASSISTANT U.S. ATTORNEY

Date: 2/15/25                   By: _____
                                    MARIA DOMINGUEZ, ESQ.
                                    ATTORNEY FOR DEFENDANT

Date: 2/15/25                   By: _____
                                    ALEXANDER IGLESIAS-VENTURA
                                    DEFENDANT

3